THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ANTHONY BENZLESKY, Defendant.

County Court, Broome County, July 23, 1954.

*John F. Cenesky* for defendant.

*Robert E. Fischer, District Attorney,* for plaintiff.

BRINK, J. The defendant has moved this court for a certificate removing two charges now pending against him in the Justice's Court, Town of Kirkwood, Broome County, New York (Julian A. Campbell, Esq., Justice of the Peace), to the Grand Jury for prosecution by indictment, pursuant to section 57 of the Code of Criminal Procedure of the State of New York. The defendant is charged under two informations with the crimes of assault in the third degree and of reckless driving. The defendant's application is based upon his contention that

he cannot receive a fair trial before the Justice of the Peace, by reason of the unfriendly feeling and attitude of the Justice of the Peace toward the defendant.

In support of his position, the defendant has submitted his own affidavit, the affidavit of his wife and the affidavit of his attorney. The affidavit of defendant's attorney, John F. Cenesky, contains the statement, that on a prior occasion in March, 1953, when the defendant was arrested on a charge of public intoxication, the Justice of the Peace told the defendant's attorney in a telephone conversation, "if the Defendant ever appeared before him for anything at all, he would throw the book at him and that he had no use for the individual."

It appears from the District Attorney's affidavit, that the defendant has been arraigned before this Justice of the Peace on several occasions, subsequent to October 9, 1940, for criminal offenses involving charges of disorderly conduct, reckless driving on two occasions and public intoxication.

The moving papers contained many allegations reflecting on the attitude of the Justice toward the defendant which are mere conclusions and not supported by fact. The Justice of the Peace has filed an affidavit in which he denies a portion of the statement contained in the affidavit of the defendant's counsel to wit: " that at no time has he stated that he would railroad the Defendant," but admitted, that he had warned the defendant, that the sentence of the court would be more severe, if he continued to undertake criminal acts. The mere fact that a court warns a defendant of the infliction of more severe punishment the next time he commits a criminal offense, would not in itself, show an unfair attitude, but would rather constitute an attempt on the part of the court to deter a defendant from committing future criminal acts through fear of the punishment that might be involved.

However, the Justice in his affidavit, does not deny the positive statement contained in the affidavit of attorney John F. Cenesky to the effect, that he said that, " he absolutely had no use for the individual." In answering this accusation, the Justice makes the statement, that, " I have no greater use for the individual, than I would have for any other of the various persons brought before my Court charged and convicted of criminal acts." Of course, the mere fact, that the defendant has appeared before the Justice of the Peace on prior criminal charges, is not sufficient grounds for disqualification, even if on the last occasion he imposed a sentence of ninety days in Broome County jail and threatened a more

severe penalty, if the defendant came before him again. However, this court feels it cannot ignore the undenied statement that the Justice of the Peace made in March, 1953, " that he had no use for the individual." While this might be an honest statement arising from the fact, that in a rural community, where everyone's reputation is known to his neighbors, a man who continually violates the law loses the respect of his neighbors, nevertheless, the fair and impartial administration of the criminal law requires absolute impartiality as to any feelings that a trial judge might have for a particular individual. Where on any occasion a judge expresses an unfavorable attitude toward any individual as such, it is impossible to eliminate the danger of a prejudice, conscious or subconscious. The Justice states in his affidavit, that he has no desire to have this defendant tried in his court rather than any other court of Special Sessions or the Broome County Court. This court commends the Justice for the fairness of his attitude on this application and sincerely believes, that if the case were tried before him, that he would extend every effort to give this defendant fair treatment. In determining this case, this court emphasizes that it is not reflecting on the fairness of the Justice of the Peace, but rather is motivated by the circumstances involved and wishes to eliminate any possibility that the defendant might not receive a fair trial.

It has long been the policy of this court to discourage the removal of cases from Courts of Special Sessions, to the Grand Jury, unless the necessity for such action is obvious. However, in the court's opinion, under the particular circumstances involved in this case, the defendant is entitled to a certificate of removal. An order may be prepared and submitted accordingly.